# EXHIBIT D

**quinn emanuel**

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3210**

WRITER'S EMAIL ADDRESS
**garygans@quinnemanuel.com**

July 11, 2018

<u>**Via Email & U.S. Mail**</u>

Robert N. Klieger, Esq.
Hueston Hennigan LLP
523 West Sixth Street
Suite 400
Los Angeles, CA 90014

Re:   **Gravier Productions, Inc.**

Dear Mr. Klieger:

      As you know, we represent Gravier Productions, Inc. ("Gravier") with respect to the Multipicture Acquisition Agreement (the "MAA") between Gravier and Amazon Content Services LLC ("Amazon") and the Picture Agreement for *Rainy Day* (the "Rainy Day Agreement") between Gravier and Amazon.

      On June 15, 2018, Ajay Patel, Amazon's Associate General Counsel, sent an email to Adam Stern and Erika Aronson purporting to terminate the MAA. On June 20, Ms. Aronson responded to Mr. Patel's email, noting that he had not provided a basis for termination of the MAA and asking him to identify the purported basis along with the term of the agreement that would give Amazon the right to terminate on that basis. Mr. Patel refused to provide the purported basis of the termination or to identify any term of the MAA that would give Amazon the right to terminate. Mr. Patel suggested that we contact you and you would address Gravier's questions regarding the basis for termination.

      On June 22, I sent an email to you, stating our belief that when a party purports to terminate a contract, it should provide the grounds for doing so, and asking you the questions Mr. Patel declined to answer, *i.e.*, I requested that you identify the purported basis for termination along with the term of the MAA that would give Amazon the right to terminate. You responded on June 25 with a vague statement that Amazon's performance of the MAA became impracticable because of "supervening events, including renewed allegations against Mr. Allen, his own controversial comments, and the increasing refusal of top talent to work with or be associated with him in any

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, D.C. | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS
www.quinnemanuel.com

Robert N. Klieger, Esq.
July 11, 2018

way, all of which have frustrated the purpose of the Agreement . . . ." You did not cite any term of the MAA or any law to support Amazon's action.

I replied to you on June 28, asking that you clarify your email so that Gravier could understand the basis of the purported termination, if any. Specifically, I asked what you meant by "renewed allegations" and Mr. Allen's "controversial comments," and to what "top talent" you referred. I also asked, again, that you identify any term of the MAA that purportedly gives Amazon the right to terminate. I have received no response from you.

In your email of June 25, you also referred to Mr. Stern's email to Mr. Patel and others of June 22 regarding Gravier's efforts to mitigate damages, saying that you would discuss that request with Amazon and call me to discuss. I have not heard from you in that regard either.

It appears that Amazon has no basis for its purported termination, as evidenced by its inability to identify any specific basis in fact or any term of the MAA giving Amazon the right to terminate despite our requests that Amazon do so.

Amazon's purported notice of termination constitutes an anticipatory repudiation and a material breach of the MAA and the Rainy Day Agreement. Gravier hereby provides notice of Amazon's material breach of those agreements. Pursuant to section 9(k) of the MAA and section 25(iv) of the Rainy Day Agreement, Amazon has fifteen business days to cure its breach and confirm that it will perform its obligations under those agreements. In the event that Amazon fails to do so, Gravier will seek all available legal remedies.

Gravier is willing and able to perform its obligations under the agreements, including the production and delivery of each of the pictures licensed thereunder. In particular, it is prepared to deliver *Rainy Day* pursuant to the terms of the MAA and the Rainy Day Agreement. Please inform us immediately either where Amazon designates delivery pursuant to the Delivery Schedule of the Rainy Day Agreement or that delivery of *Rainy Day* will not be accepted under any circumstances.

Nothing contained herein is intended to nor shall be construed as an express or implied waiver of any of Gravier's rights or remedies, all of which are expressly reserved.

Yours truly,

Gary E. Gans

2